IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD HEARNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1458-SLR |
| | ) | |
| ROBIN DOHERTY and THE PLUMMER CENTER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Donald Hearne is a pro se litigant who filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.   STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether plaintiff is eligible for pauper status. On December 13, 2004, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 4)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review. See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97,

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

2

106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] As discussed below, plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### III. DISCUSSION

#### A. The Complaint

Plaintiff claims that defendant Robin Doherty, an officer at defendant Plummer Center, harassed, discriminated against, and slandered plaintiff. (D.I. 2) Plaintiff also claims that he lost two jobs because defendant The Plummer Center notified his employers that he gave the center "dirty urine" in violation of plaintiff's probation. (<u>Id.</u>) Plaintiff claims to have never given defendants "dirty urine." (<u>Id.</u>) Because of his probation violation, plaintiff not only lost his jobs but also was sent back to jail. (<u>Id.</u>)

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. <u>See</u> Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

### B. Analysis

Plaintiff's allegations attack his parole revocation and sentence. His sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. Prieser v. Rodriguez, 411 U.S. 475 (1973). A plaintiff cannot recover damages under § 1983 for alleged false imprisonment unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff did not file a habeas petition, and he has not alleged that his conviction or sentence was reversed or invalidated by any means required under Heck. Consequently, plaintiff's unlawful arrest claim lacks an arguable basis in law or in fact. The court dismisses plaintiff's unlawful arrest claim as frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### IV. CONCLUSION

At Wilmington this 27th day of April, 2005, for the reasons set forth above;

IT IS ORDERED that plaintiff's complaint (D.I. 2) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                                                                    _____
                                                                                    United States District Judge